

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

ROBERT EARL TIPPENS, JR.,                 )
                                          )
      Plaintiff,                          )
                                          )
v.                                        )
                                          )        Civil Action No. 3:13CV257
                                          )
ROBERT McDONNELL, *et al.*,               )
                                          )
      Defendants.                         )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Robert Earl Tippens, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.    Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

2

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must

"allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont*

*de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*,

309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and

develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly

raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985).

## B.    Summary of Allegations

The allegations in Tippens's Complaint are as follows:

> On January 1, 2012, Governor of Virginia added Va. Code §53.1-44, §53.1-43.1, and Va. Code §53.1-41(B) toward Plaintiff sentence given the director of the department of corrections discretion to withhold Plaintiff funds. And place them into an interest bearing account without Plaintiff consent. Converting Plaintiff funds how the defendants sees [sic] fit, committing fraud by telling the public and tax-payers those withheld funds are being placed in a saving account for Plaintiff when they are not. Those funds are being placed into an interest bearing account, violating the Fifth and Fourteenth Amendment of the United States Constitution. These

violations are systematic, fraudulent, and deceptive. Plus these activities apply not only to funds earned in the Virginia Dept. of Corrections (VDOC), but to all sources of incoming funds from family, friends and relatives without their consent. (These funds were sent in to support the VDOC short coming in producing a healthy well-balanced diet for Plaintiff and Offenders.) They are putting these funds in an interest bearing account without providing just compensation as required by law.

(2). Plaintiff has standing in his funds that are being converted without his consent, and are being placed/pooled with all other Virginia Correctional Center for profit and interest Plaintiff/Offenders never received in accordance to the Va. Code.

(Compl. 4.) Tippens seeks monetary damages and injunctive relief. (*Id.* at 5.)

## C.   Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Tippens claims that he was deprived of the interest earned on the deposits in his prison account in violation of the Takings Clause of the Fifth Amendment[2] and the Due Process Clause of the Fourteenth Amendment.[3] Tippens's claims turn on whether he has a constitutionally protected property right in interest earned on monies deposited into his prison account. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has concluded "convicted prisoners in Virginia [do] not have a property right in the interest earned on their prison accounts." *Slade v. Hampton*

---

[2] "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend V.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend IVX, § 1.

4

*Road Reg'l Jail*, 407 F.3d 243, 254 n.8 (4th Cir. 2005) (citing *Washlefske v. Winston*, 234 F.3d 179, 186 (4th Cir. 2000)); *Kindley v. Moore*, No. 2:02CV366, 2002 WL 31953746, at *2 (E.D. Va. May 30, 2002) (citing *Washlefske*, 234 F.3d at 185–86). Accordingly, Tippens's claims and the action will be dismissed.

The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 29, 2013
Richmond, Virginia